1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              CASE NO. 03CR210 BTM

12                           Plaintiff,      **ORDER**

          vs.
13   ROBERT MADRID,

14                           Defendant.

15          On June 19, 2007, Defendant filed an ex parte request for leave to file a motion

16   pursuant to 28 U.S.C. § 2255 for the limited purpose of challenging the 4-point enhancement

17   he received at sentencing by this Court.  The proposed order submitted by Defendant along

18   with the request indicates that the motion would be filed within 60 days.

19          Although not indicated in Defendant's request, the Court recognizes that Defendant

20   was sentenced on June 22, 2006 and his judgment of conviction was entered June 30, 2006.

21   Accordingly, the 1-year period of limitation for filing a § 2255 motion is almost at an end.  See

22   28 U.S.C. § 2255, ¶ 6 ("A 1-year period of limitation shall apply to a motion under this

23   section.  The limitation period shall run from . . . (1) the date on which the judgment of

24   conviction becomes final . . . ."); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir.

25   2001) (holding that judgment of conviction becomes final upon expiration of time for filing

26   direct appeal); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of

27   appeal must be filed in the district court within 10 days after . . . the entry of either the

28   judgment or the order being appealed . . . .").  However, Defendant has not set forth any

good cause for extending the statutory 1-year deadline.  And, in any event, Defendant's motion might be in violation of his plea agreement because he waived his "right to appeal or to collaterally attack [his] conviction and sentence" as part of that agreement.  <u>See</u> Feb. 14, 2005 Plea Agreement at 11-12; Doc. #512.

Defendant does not need leave of the Court to file a motion under 28 U.S.C. § 2255. However, he must do so timely and explain why he has not waived his right to pursue a § 2255 motion.  To the extent that Defendant is requesting leave to extend the deadline to file such a motion, that request is **DENIED**.  The Clerk shall enter this order forthwith and immediately mail a copy to Defendant.

**IT IS SO ORDERED.**

DATED:  June 21, 2007

Hon. Barry Ted Moskowitz
United States District Judge

2

03CR210