# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MADRID,<br><br>                Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 07cv1214 BTM<br>               03cr210 BTM<br><br>**ORDER DISMISSING**<br>**PETITIONER'S MOTION**<br>**PURSUANT TO 28 U.S.C. § 2255** |

      On July 2, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 for the limited purpose of challenging the 4-point enhancement he received pursuant to Sentencing Guideline §3B1.1 for his role in the offense. Petitioner argues that the Court erred in finding that he was a supervisor of more than just a "small enterprise."

      As the Court indicated in its June 21, 2007 order denying Petitioner's request to file this motion late, Petitioner waived his "right to appeal or to collaterally attack [his] conviction and sentence" as part of his plea agreement. (See Feb. 14, 2005 Plea Agreement at 11-12; Doc. #512.) Petitioner has failed to offer any explanation as to why this waiver does not bar the present motion. A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Petitioner has made no argument that his execution of the plea agreement was involuntary and, in fact, Petitioner specifically acknowledged at his sentencing that he was voluntarily waiving his right to appeal and collaterally attack his sentence. (See Transcript of June 22, 2006

Sentencing Proceedings at 121.)  Accordingly, the Court will enforce Petitioner's waiver and deny his motion.

Based upon a review of Petitioner's motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court finds that Petitioner is plainly not entitled to relief.  Therefore, the motion is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: July 12, 2007

Hon. Barry Ted Moskowitz
United States District Judge